◼ SAMUEL LAPIN, Respondent, v. WALSH SUPPLY CO., INC., Defendant, and ARTHUR J. WALSH, Appellant.— Appeal from so much of a judgment, entered after trial before the court without a jury, as is in favor of respondent for $17,665.50 against appellant. Respondent brought this action against a corporation for an accounting and for other relief (1st cause of action) and

against appellant, an officer and sole stockholder of the corporation, to recover damages for fraud (2d cause of action). On the trial the first cause of action was severed, and respondent recovered judgment against appellant on the second cause of action. In substance, it is alleged that respondent entered into a contract with the corporation on September 22, 1955, under which he advanced $10,000 to the corporation to enable it to complete an order from a customer, the said amount to be repaid and an additional $5,000 to be paid to respondent out of the corporation's profits on the transaction when payment was made by its customer, and that respondent was induced to enter into that contract by reason of the appellant's fraudulent representations that the account would not be mortgaged or hypothecated. The account concededly was assigned to factors on or about December 22, 1955. Judgment insofar as appealed from reversed upon the law and the facts, with costs, and complaint dismissed. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, respondent failed to establish by clear and convincing proof that appellant intended, when the contract was entered into, to factor or assign the account at some future date. (Cf. *Adams* v. *Gillig,* 199 N. Y. 314; *Fein* v. *Starrett Television Corp.,* 280 App. Div. 670, 673, affd. 305 N. Y. 856.) Moreover, there is a complete absence of proof that respondent was damaged by reason of the alleged misrepresentation. (Cf. *Hanlon* v. *Macfadden Pubs.,* 302 N. Y. 502, 510; *Majestic Export Co.* v. *Katz & Greenfield,* 248 App. Div. 205, 206.) The record clearly indicates that the factoring of the account did not cause any loss or damage to respondent but that his failure to be paid in accordance with the terms of the agreement was due either to the breach of the contract by the corporation or the default of the corporation's customer in making payment of the balance due the corporation. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.